UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

   vs.                                            Case No. 1:23-cr-00030-MTS (ACL)

**CLARENCE DWIGHT LOWE,**

   Defendant.

## MEMORANDUM AND ORDER

The Court has conducted a de novo review of the entire record and will: (1) overrule Defendant Clarence Dwight Lowe's Objections, Doc. [74], and (2) incorporate and adopt United States Magistrate Judge Abbie Crites-Leoni's Reports and Recommendations, Docs. [70] and [71].

### I. Background and Procedural History

A grand jury charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. [2]. Pending before the Court are Defendant's Motion to Dismiss Indictment, Doc. [36], Defendant's Motion to Suppress Physical Evidence and Statements and Memorandum of Law in Support of Suppression, Doc. [37]. The Court referred Defendant's Motions to Judge Crites-Leoni. *See* 28 U.S.C § 636(b). After an evidentiary hearing, Judge Crites-Leoni issued two Reports and Recommendations, Doc. [70], recommending the denial of the Motion to Dismiss Indictment, and Doc. [71], recommending denial of the Motion to Suppress Physical Evidence and Statements finding that Defendant did not have a legitimate expectation of privacy in the condemned building he was staying at, and as such, did not have standing to

contest the search.[1] Defendant subsequently filed Objections to the Report and Recommendation, Doc. [74][2], and the United States filed a Response, Doc. [80]. The matter is now ripe for ruling.

## II. Standard

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.").

## III. Discussion

### a. Findings of Fact

After a complete review of the record, the Court finds that Judge Crites-Leoni thoroughly set forth the relevant facts in the Report and Recommendation recommending denial of Defendant's Motion to Suppress Physical Evidence and Statements. Therefore, the Court adopts and incorporates Judge Crites-Leoni's factual findings in the Report and Recommendation, Doc. [37] and will not repeat them here.[3]

---

[1] Judge Crites-Leoni asked the parties to brief whether Defendant had standing to challenge the search of the condemned building. Doc. [71] at 2.
[2] No objections were made to the Report and Recommendation denying the Motion to Dismiss the Indictment.
[3] Defendant objected to the exclusion of certain facts, none of which change the standing analysis.

### b. Standing and Motion to Suppress Evidence and Statements

Defendant argues in his Objections that the Report and Recommendation does not address his subjective beliefs, including (1) whether there was evidence that he was aware the property was condemned at the time he was there, (2) if he believed he was permitted to reside or at least stay overnight at the property, and (3) whether he was notified that he was not allowed to stay, visit, or reside in the property. Doc. [74] at 2-3.

"Fourth Amendment rights are personal rights that may not be asserted vicariously." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). An individual "'must demonstrate that he personally has an expectation of privacy in the place to be searched, and that his expectation is reasonable[.]'" *United States v. Barragan*, 379 F.3d 524, 529 (8th Cir. 2004) (quoting *Minnesota v. Carter*, 525 U.S. 83, 88 (1998)). An individual asserting a violation of his or her reasonable expectation of privacy must show both: 1) an actual (subjective) expectation of privacy, and 2) that the expectation is one that society is prepared to recognize as reasonable. *Azam v. City of Columbia Heights*, 865 F.3d 980, 989 (8th Cir. 2017) (internal quotation omitted). A defendant that "'fails to prove a sufficiently close connection to the relevant places or objects searched … has no standing to claim that they were searched or seized illegally.'" *Barragan* at 529-30 (quoting *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994)). A defendant's expectation of privacy must be grounded in property law or understandings recognized by society. *United States v. Bettis*, 946 F.3d 1024, 1027 (8th Cir. 2014) (citation omitted). Relevant factors in determining if a person has standing in the Eighth Circuit include: "ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a

3

subjective anticipation of privacy, and the objective reasonableness of the expectation of privacy considering the specific facts of the case." *Gomez*, 16 F.3d at 256.

Defendant claims that the facts support his subjective belief that "he was permitted to reside or spend the night there, and the property owner's daily behavior reinforced that belief." Doc. [74] at 3. Defendant points out that the first floor where he stayed had locked doors securing the space from the outdoors, he had uninhibited access to the downstairs space, and it was separate from the property owner's second floor unit. Doc. [74] at 3. Additionally, Defendant claims that while the property owner never personally gave Defendant permission to reside on the first floor, "the implication that he was considered a trespasser by [the property owner] or that he somehow subjectively should have known that he was considered unwelcomed is not supported by the facts." *Id.* Defendant also draws attention to the fact that he resided there for at least 9 months and that the property owner lived on the same premises and never took steps to have him vacate the premises. *Id.*[4]

Contrary to Defendant's Objections, the Report and Recommendation analyzed Defendant's subjective beliefs as to his expectation of privacy utilizing the factors listed in *Gomez*, 16 F.3d at 256. Defendant did not own or lease the property. Doc. [71] at 15. Defendant was "friends" with the property owner, making it likely that Defendant knew of the building's condemned status from the property owner herself. *Id.* Additionally, Defendant likely knew the property was condemned and that human occupancy was prohibited because he began staying on the premises near the time the "Condemned Building" notice was put on the front door. *Id.* at 14-15. Defendant "described the room as a homeless shelter" at the time of the search. *Id.* at 15. The

---

[4] Although the owner never asked Defendant to leave nor sought assistance from the police to have him removed from the property, [the owner's roommate] had asked Defendant to leave around November of 2022. Doc. [71] at 5.

4

property was also known by others as a "flop house" and "countless others" had access to the area, limiting Defendant's control of the property. *Id.* Further, the first floor consisted of one open room with no dividers and Defendant's bed was in a corner of the open room with a section of curtains hanging "to potentially provide some privacy." *Id*. at 3, 8. Defendant did not have a key to access the property, and his presence on the property was not with the owner's consent or permission.

The Court agrees with the Report and Recommendation that "Lowe's regard for the once church sanctuary as his home does not make his claimed expectation of privacy in the place reasonable." Doc. [71] at 14. Defendant's belief that he had an expectation of privacy in an open room in a condemned building, frequented by many others, without permission of the owner is not one that society is prepared to recognize as reasonable. *See United States v. Sawyer*, 929 F.3d 497, 500 (7th Cir. 2019) ("[a] privacy interest is not reasonable when one's presence in a place is 'wrongful.'") (quoting *Rakas*, 439 U.S. at 143)) (collecting cases); *see also United States v. Gutierrez-Casada* 553 F. Supp. 2d 1259, 1270-71 (2008) (persons wrongfully present lack standing, or a reasonable expectation of privacy in the premises) (collecting cases); *United States v. Kafuku*, 357 F. Supp. 3d 1164, 1180-81 (2018) (society is not prepared to recognize as reasonable the expectation of privacy of an individual who acquires property through unlawful means) (collecting cases).

## IV.     Conclusion

For these reasons, based on the totality of circumstances, the Court agrees with the Report and Recommendation's conclusion that Defendant did not have a legitimate expectation of privacy on the premises, and therefore, lacks standing to contest the search.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Abbie Crites-Leoni, Doc. [70], recommending the denial of the Motion to Dismiss Indictment, Doc. [36], is **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment, Doc. [36], is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Abbie Crites-Leoni, Doc. [71], recommending the denial of the Motion to Suppress Physical Evidence and Statements, Doc. [37], is **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Physical Evidence and Statements, Doc. [37], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Objections to the Report and Recommendation on Motion to Suppress of the Magistrate Judge, Doc. [74], are **OVERRULED**.

Dated this 6th of December, 2024

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE